## Case No. 11,794.
### RICHARDSON v. PEYTON.
[1 Cranch, C. C. 418.] [1]

Circuit Court, District of Columbia.   July Term, 1807.

EVIDENCE—CONTENTS OF LETTER—ASSUMPSIT—RECEIPTED BILL OF PARCELS—MONEY HAD AND RECEIVED.

1. Parol evidence cannot be given of the contents of a letter written by the defendant to a stranger to the suit.

2. A bill of parcels, receipted by the defendant, is not, per se, evidence of an unexecuted

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

contract to deliver the goods, but is primâ facie evidence of a contract executed.

3. An action for money had and received, will lie for money paid by the plaintiff to the defendant, upon a contract which the defendant has failed to execute on his part.

Assumpsit, for money had and received, and for non-delivery of flour on a contract.

THE COURT refused to suffer the plaintiff to give parol testimony to prove the contents of a letter, written by the defendant to Craven Thompson, who was no party to this suit.

The plaintiff produced a bill of parcels: "Messrs. R. & W. P. Richardson. Bought of T. W. Peyton, (so many barrels flour, amounting to $287 $^{75}/_{100}$.) Received payment, T. W. Peyton."

Mr. Jones, for defendant, prayed the court to instruct the jury, that this paper did not contain evidence of a contract to deliver flour, but was primâ facie, though not conclusive, evidence of a contract executed.

And THE COURT so instructed the jury.

Mr. Jones then prayed the court to instruct the jury, that the plaintiff could not recover in this action upon the evidence. 1st. Not on the count for money had and received, because the defendant never did receive it to the use of the plaintiff, but to his own use. 2d. Not on the special count for non-delivery of the flour, because the bill of parcels is evidence of a contract executed.

THE COURT (DUCKETT, Circuit Judge, absent,) refused to hear Mr. Swann in reply, and said the point had been often decided, that if a contract be not complied with on one part, and the other party had paid his money, he may disaffirm the contract, and recover back his money in an action for money had and received.

Verdict for the plaintiff. The defendant took a bill of exceptions, but did not bring a writ of error.